**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **VIRGINIA BARRERA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No.  SA-10-CV-665-XR** |
| | § | |
| **MTC, INC. d/b/a MI TIERRA CAFÉ** | § | |
| **AND BAKERY,** | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

On this day, the Court considered Plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry No. 16), and Defendants' Response in Opposition (Docket Entry No. 19). The Court hereby GRANTS Plaintiff's motion.

**Background**

Plaintiff Virginia Barrera is employed as a server at Mi Tierra Café and Bakery, a restaurant operated by Defendant MTC, Inc.  Plaintiff filed a Complaint on August 11, 2010 (Docket Entry No. 1) on behalf of herself and similarly situated employees of the Defendant, alleging that Defendant engaged in illegal "tip pooling" activity in  violation of the Fair Labor Standards Act (FLSA).  She brings the case as an "opt in" collective action under the FLSA.  Defendant filed an answer on September 3, 2010 (Docket Entry No. 5).  Three additional Plaintiffs, John Saldana, Jr., Jeffrey Barrientes, and Joel Lopez, have filed opt-in consents (Docket Entries No. 11, 12).  Plaintiff filed this motion to amend her complaint on December 13, 2010 (Docket Entry No. 13), before the January 14, 2011 deadline for amending pleadings set by the Court's Scheduling Order (Docket

Entry No. 10).  Defendant filed its response on December 27, 2010 (Docket Entry No. 19).  Plaintiff

has also filed a motion for class certification and notice to potential plaintiffs on December 22, 2010

(Docket Entry No. 15), to which Defendant filed a response on January 5, 2011 (Docket Entry No.

21).

## Legal Standard

Generally, Rule 15(a) governs amendment of the pleadings before trial and within scheduling

order deadlines.  Rule 15(a) permits a party to amend a pleading with the opposing party's consent

or the court's leave, and provides that leave should be given "freely . . . when justice so requires."

FED. R. CIV. P. 15(a).  The Court may consider a variety of factors in exercising its discretion,

"including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Property Group,*

*L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).  There is a "bias in favor of granting leave to amend."

*Stripling v. Jordan Production Co.*, 234 F.3d 863, 872 (5th Cir. 2000) (quoting *Martin's Herend*

*Imports, Inc.*, 195 F.3d 765, 770).  A district court will not deny leave to amend unless there is a

"substantial reason" to do so.  *Id.*

## Analysis

Plaintiff seeks to amend her complaint to add newly discovered allegations of FLSA

violations and to expand the scope of the potential class members she seeks to represent.  Plaintiff

has deposed Defendant's designated corporate representative, George P. Cortez, and learned that

Defendant operates two other restaurants, La Margarita and Pico De Gallo, in addition to Mi Tierra

Café & Bakery.  Cortez also stated in his deposition that all of Defendant's employees at all three

restaurants are treated the same with regard to administration of the tip pool.  She seeks to amend her complaint to clarify that she is pursuing claims as to all employees of the Defendant with which she is similarly situated, at any of Defendant's restaurants.  She also seeks to plead additional and more detailed allegations regarding the Defendant's conduct.

Defendant argues that the motion should be denied because the proposed amendments would be futile.  Defendant argues that Plaintiff and the other opt-in plaintiffs, all of whom work at Mi Tierra Café and Bakery, are not similarly situated to any employee at either La Margarita or Pico De Gallo, and that by seeking leave to amend while simultaneously asking the Court to conditionally certify a class of servers from all three restaurants, Plaintiff is seeking to use the conditional certification process to identify potential representatives of other classes of servers.  Defendant also argues that the Court should rule on the motion for conditional class certification before ruling on the motion to amend the complaint.

The Court finds that granting leave for Plaintiff to amend her complaint is not futile, and is in the interests of justice.  Here, Defendant has provided no "substantial reason" to deny leave.  *See Stripling*, 234 F.3d at 872.  Defendant's arguments regarding whether employees at the other two restaurants are similarly situated to Plaintiff go to the question of whether the class should be conditionally certified, not whether the complaint should be amended.  Plaintiff's Motion for Conditional Certification seeks to conditionally certify a class of employees at all three of Defendant's restaurants, and Defendant's Response raises its substantive arguments that employees are at all three restaurants are not all similarly situated.  Accordingly, the Court will rule on that issue when considering the motion for conditional class certification.  At this time, Plaintiff merely seeks to clarify the extent of her claims and her potential representative capacity

3

in light of information that she has only recently obtained in initial discovery.  It is in the interest of justice to allow the Plaintiff to amend her Complaint so that the live pleadings in this case include all allegations referred to in the pending motion for conditional certification.

### Conclusion

Plaintiff's Motion for Leave to File First Amended Complaint (Docket Entry No. 13) is GRANTED.  Plaintiff is directed to file her Amended Complaint.

It is so ORDERED.

SIGNED this 11th day of January, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE