# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| VIRGINIA BARRERA | § | |
| | § | |
| v. | § | SA-10-CV-665-XR |
| | § | |
| MTC, INC. | § | |

## ORDER

On this day came on to be considered Plaintiff's motion for conditional certification (doc. no. 15).

## Background

Plaintiff brings this FLSA suit on behalf of herself and other similarly situated employees pursuant to the "collective action" provisions of 29 U.S.C. § 216(b). Plaintiff is a server at Defendant's restaurant (Mi Tierra Café and Bakery). Plaintiff alleges that the Defendant improperly "pooled" servers' tips with bartenders at the restaurant who had little to no interaction with the public and thus do not qualify as an "employee who customarily and regularly receives tips." Plaintiff also alleges that her servers' paychecks were automatically deducted $3 for a meal per work shift, regardless of whether the employee consumed any meal. Plaintiff further alleges that thirty minutes were deducted each work shift (ostensibly for a meal break), but that employees worked during

their meal break. Finally, Plaintiff alleges that servers were required to attend a pre-shift meeting, but were not compensated for this required attendance and that supervisors delayed employees from "clocking-in" when work was slow and there were few customers.

Plaintiff initially sought to include servers from Defendant's two other restaurants (Pico de Gallo and La Margarita) in this collective action, but she has subsequently amended her request to just Mi Tierra.

Defendant opposes the motion for conditional certification.

## Analysis

The FLSA requires employers to pay employees a statutory minimum hourly wage. For each hour an employee works in excess of 40 hours in a given week, employers must pay an overtime wage that is at least one and one-half times the employee's regular rate. Under limited circumstances, however, an employer may pay a "tipped employee" an hourly wage that is less than the minimum wage. Specifically, the employer may pay an employee an hourly wage of no less than $2.13 if the amount of the tips the employee actually receives, added to the hourly wage the employer pays, is at least equal to the minimum wage in effect under section 206(a). This practice is known as taking a "tip credit." *See* 29 U.S.C. §§ 203(t), 206(a), 207(a). No tip credit, however, may be taken "with respect to any tipped employee unless ... all tips received by such employee have been retained by the employee," except in cases in which tips are pooled "among employees who customarily and regularly receive tips." 29 U.S.C. §§ 203(m).

29 U.S.C. § 216 permits an employee to bring an action against an employer "[on] behalf of himself ... and other employees similarly situated." Unlike a Rule 23 class action, in which plaintiffs "opt out" of the class, a § 216 plaintiff must "opt in" to become part of the class. Accordingly, the method adopted by this Court for determining whether to certify a collective action under § 216(b)--the *Lusardi* two-tiered approach--involves a preliminary decision regarding notice to putative class members. In the first stage, called the notice stage, the District Court must make an initial determination whether notice of the action should be sent to potential class members.  This determination is based solely on the pleadings and affidavits and the standard is a lenient one typically resulting in conditional certification of a representative class to whom notice is sent and who receive an opportunity to "opt in." "The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court."  *See* U.S.C. § 216(b); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J. 1987); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995).

Once conditional certification is granted, the case proceeds through discovery as a representative action.  *Mooney*, 54 F.3d 1207, 1214.  Upon completion of discovery, the defendant will typically file a motion for decertification. At this second stage of the analysis, the District Court should make a factual determination as to whether the putative class members are similarly situated. If so, then the representative action may proceed; if not, then

3

the class should be decertified, the opt-in plaintiffs dismissed, and the class representatives should be allowed to proceed on their individual claims. *See Johnson v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753, 754-55 (S.D. Tex. 2004).

Plaintiff's pleadings are sufficient to allege a violation of the FLSA. The Court therefore concludes that Plaintiff's allegations are sufficient to meet the lenient standard for conditional certification.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's allegations are sufficient to allow an initial conditional certification of the case as a collective action. Therefore, the Court GRANTS Plaintiff's Motion for Conditional Certification and For Notice to Potential Class Members. To facilitate the progression of this case through a final determination of the collective action status, the Court ORDERS Defendant to provide Plaintiff with a list (in computer readable format) of the names and last known addresses (and the last four digits of their social security number) of all servers/waitstaff employed by Defendant from March 1, 2008 to the present within fourteen (14) days of the date of this Order.  Upon receipt of said list by Plaintiff, Plaintiff shall send to potential class members the attached court approved notice of this action with a date-specific deadline for opting-in that is sixty (60) days from the date of the mailing of the notices.

4

It is so ORDERED.

SIGNED this 1st day of March, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE