Deposition of George Pete Cortez                    Virginia Barrera vs. MTC., Inc. d/b/a Mi Tierra Cafe and Bakery

```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE WESTERN DISTRICT OF TEXAS
                             SAN ANTONIO DIVISION

   VIRGINIA BARRERA                  )
                                     )
        Plaintiff                    )
                                     )  CIVIL ACTION NO.
   v.                                )  5:10-cv-665
                                     )
   MTC, INC. d/b/a MI TIERRA CAFÉ    )
   AND BAKERY                        )
        Defendant                    )

   * * * * * * * * * * * * * * * * * * * * * * * * * RECEIVED

         ORAL AND VIDEOTAPED DEPOSITION OF GEORGE P. CORTEZ

                              VOLUME 1

                           NOVEMBER 5, 2010

   * * * * * * * * * * * * * * * * * * * * * * * * *

         ORAL AND VIDEOTAPED DEPOSITION of GEORGE P.
   CORTEZ, produced as a witness duly sworn by me at the
   instance of the PLAINTIFF, taken in the above-styled
   and numbered cause on the 5th day of November, 2010,
   from 9:08 a.m. to 11:36 a.m., before NATALIE
   HUNSUCKER, Certified Court Reporter No. 4279 in and
   for the State of Texas, at the offices of COX SMITH
   MATTHEWS INCORPORATED, 112 E. Pecan Street, Suite
   1800, San Antonio, Texas 78205, pursuant to the
   Federal Rules of Civil Procedure and the provisions
   stated on the record or attached therein.
```

EXHIBIT A

1  the top of my head, I cannot think of any of the --
2  the service bartenders that are -- there we're taking
3  a tip credit on.
4      Q.   There may or may not be?
5      A.   There may or may not be, but I don't -- I
6  cannot think of anybody right now.
7      Q.   And if I asked you to supply me a list of
8  individuals that are currently being paid under 7.25,
9  how would you go about compiling that list?
10     A.   I mean, we would -- I'm sure we could run a
11 report, you know, by department, you know, that shows
12 the wages of each, you know, employee.
13     Q.   And you would do that internally?
14     A.   Yes.
15     Q.   Okay.  I was flipping through some of these
16 pay stubs or these earning statements of Virginia
17 Barrera and noticed that there are deductions for
18 meals on each earning statement.  How does that work?
19     A.   Can I see it?
20     Q.   Sure.  I don't know if that one has a meal.
21 I was -- Some of them do, it seems, and maybe some
22 don't.
23     A.   Yeah.  I -- I don't -- I don't see that on
24 this one.  But, I mean, typically, you know, what we
25 do is we offer all the employees -- Oh, is that it?

Deposition of George Pete Cortez                    Virginia Barrera vs. MTC., Inc. d/b/a Mi Tierra Cafe and Bakery

```
 1      Q.   Is that it right there --
 2      A.   Oh.
 3      Q.   -- TC meal?
 4      A.   I'm sorry.  I was looking at the "T."  I
 5   didn't see that.
 6      Q.   That's okay.
 7      A.   And that's why, by the way, when we did look
 8   at this, it didn't make a lot of sense to us why it
 9   was set up that way.  So we -- In the newer format,
10   it's much clearer.
11           Base -- Basically, we offer a discounted
12   meal price for all of the -- all of the employees in
13   the company.  And -- And so that's basically how it
14   works.  It's on a per day shift.  Every day that they
15   work, it's -- I -- I believe it's $3 a day, I think it
16   is, or maybe 3.25, something like that.
17      Q.   What if they don't eat at the restaurant?
18      A.   Usually, when they don't eat at the
19   restaurant, they inform their manager or they'll
20   inform the admin person who prepares the -- the weekly
21   payroll.  And, I mean, I -- I got a call from an
22   employee last week that mentioned to me, "I -- I
23   was -- I'm leaving for lunch today.  Is it okay if I
24   don't, you know, get charged for that?"  Sure.
25   Absolutely.
```

Case 5:10-cv-00665-XR   Document 55-1   Filed 09/12/11   Page 4 of 12

Deposition of George Pete Cortez                    Virginia Barrera vs. MTC., Inc. d/b/a Mi Tierra Cafe and Bakery

1   Q.   Okay. But it's up to the employee to bring
2   that to someone's attention?
3   A.   Yes. But my experience is they don't miss a
4   meal.
5   Q.   What if they're home sick?
6   A.   Then they don't -- They don't pay.
7   Q.   There's no deduction if they --
8   A.   Yeah. It's only -- it's only -- it's only
9   based -- It's on if they worked. If -- If they worked
10  a shift, then that's -- that's when we . . .
11  Q.   Does the payroll system, is it able to
12  identify days when the employee is home sick or on
13  vacation such that that deduction is not made or is
14  that a manual operation of some sort?
15  A.   I -- I'm not sure how to answer your
16  question. I mean, if they didn't punch in, then the
17  system wouldn't reflect that they were there.
18  Q.   Well, but they may get paid for that day,
19  right, because they may have accrued sick or vacation
20  time?
21  A.   No.
22  Q.   That's not offered?
23  A.   Correct.
24  Q.   What if somebody came to work and then went
25  home early, would that be deducted for the -- for the

Case 5:10-cv-00665-XR   Document 55-1   Filed 09/12/11   Page 5 of 12

Deposition of George Pete Cortez — Virginia Barrera vs. MTC., Inc. d/b/a Mi Tierra Cafe and Bakery

```
 1   meal service if they left before lunch?
 2        A.   No, probably not.
 3        Q.   How do you know?  You say probably not.
 4        A.   Well, what I -- The reason I would say that
 5   is that I think that our -- our rule of thumb is that
 6   anybody who's been, you know, on the clock for more --
 7   more than four and a half -- four to four and a half
 8   hours, I think, that they would -- they would have the
 9   deduction.  And it's something that the -- the
10   payroll -- not the payroll -- the administrative
11   person, when they're processing the payroll on a
12   weekly basis, you know, they go through the -- they go
13   through it one by one.  And -- And if somebody did
14   not, you know, work, if they just punched in and
15   punched out, they wouldn't be charged.
16        Q.   And -- But that's a manual operation?  That's
17   not something that's built into the software system?
18        A.   Yes.  I don't believe, at this time, it's
19   built in.
20        Q.   And the -- the rule that's applied by the
21   payroll personnel is if an employee was on the clock
22   for four hours, then there was an automatic deduction
23   for lunch; is that correct?
24        A.   Correct.  And I'd have to verify the four,
25   but I -- I believe it's four.  It could be four and a
```

Case 5:10-cv-00665-XR   Document 55-1   Filed 09/12/11   Page 6 of 12

Deposition of George Pete Cortez                    Virginia Barrera vs. MTC., Inc. d/b/a Mi Tierra Cafe and Bakery

1  money off that meal.
2      A.   Well, it depends -- I mean, it depends on how
3  you define cost.  I mean, if it cost -- the cost of
4  the product, the cost of the labor to produce the
5  product, I mean, I guess it would depend on what
6  they -- what they ordered, I mean.
7      Q.   Let -- Let me try to go about it a different
8  way.  How did the company go about setting the amount
9  that it deducts from employees for the cost of meals?
10     A.   I mean, that's been in place for many years.
11 I can't specifically remember, you know, what the
12 rationale was.  I mean, as I recall, I mean, I think
13 we probably took like an average, you know, meal price
14 of maybe 10 to $12 and -- and tried to take what our
15 normal food cost would be, say 25, 30 percent,
16 depending on what the meal may be, and then applied
17 that percentage to that.  So I would -- I would assume
18 that's -- So, in other words, if we ran a -- if the
19 average meal price was $10, depending on what -- you
20 know, what was ordered, 30 percent would be $3.
21     Q.   And that 30 percent would be the -- the cost
22 of the --
23     A.   Of the food itself.
24     Q.   -- food itself?
25     A.   You know, not including the labor to produce

Deposition of George Pete Cortez                         Virginia Barrera vs. MTC., Inc. d/b/a Mi Tierra Cafe and Bakery

1   it.
2       Q.   Okay.
3       A.   Or any overhead.
4       Q.   But what you're -- It sounded like you were
5   kind of assuming that's what was done.  But you don't
6   specifically recall that that's how it was calculated
7   or do you?
8       A.   I mean, I don't remember the specific, you
9   know, time and date and place where we had that
10  conversation.  But that was, I mean, the rationale in
11  general how we figured it out.
12      Q.   Okay.  There's also, as I understand it, a
13  deduction made from all employees' pay for a meal
14  break.  Is that correct?
15      A.   Correct.
16      Q.   That's true for each of the -- the three
17  shifts?
18      A.   Yeah.  I would believe it would be, yes.
19      Q.   Okay.  And the meal break is -- I can't
20  remember if I said it -- but it's 30 minutes, correct?
21      A.   Yes.
22      Q.   Is the full 30 minutes deducted even if the
23  employee only takes a 20-minute lunch?
24      A.   Well, they're instructed to -- You know, once
25  they've, you know, been sent on break or they've asked

*BARRERA/MTC, INC.*
GEORGE P. CORTEZ

Page 107

## CHANGES AND SIGNATURE
CAUSE NO. 2008-CI-18763

<u>DEPOSITION OF:</u>  GEORGE P. CORTEZ

<u>DATE OF DEPOSITION:</u> November 5, 2010

| PAGE | LINE | CHANGE | REASON |
|---|---|---|---|
| 8 | 16 | "cafT" to "café" | Correction – typographical error |
| 17 | 11 | | |
| 18 | 5, 12 | | |
| 47 | 25 | | |
| 100 | 15 | | |
| 25 | 10, 16 | "Lydia" to "Lidia" | Correction – misspelled |
| 26 | 11, 12 | | |
| 50 | 12 | | |
| 13 | 18-23 | "Again, the ones that sometimes, you know, happen when a – a customer just, you know appreciated, you know maybe some service that the host staff may have provided to them, you know, if they reported it, I – I couldn't tell you …" to "Again, the ones that sometimes happen when a customer appreciated some service that the host staff may have provided to them and tipped the host in cash, if they reported the cash tip every time, I couldn't tell you. | Clarification |
| 45 | 25 | "tile" to "title" | Correction – typographical error |
| 47 | 8-9 | "personnel including but limited" to "personnel including but not limited" | Correction |
| 58 | 9 | "It's on if they worked." To "It's only if they worked." | Correction – typographical error |
| 103 | 16 | "Generally, the structure is the same." to "Generally, the structure is the same in that the servers contribute a percentage of gross sales to the tip pool which is then distributed to participating departments, but the percentages contributed are different, the percentages of the tip pool paid to the departments are different and different departments in the restaurants participate in the tip pool. | Clarification |
| 103 | 24 | "Pretty much." to "Pretty much, but the bartenders in the other restaurants sell and serve drinks directly to customers as well as prepare drinks for servers." | Clarification |

3250172.1

```
 1         I, GEORGE P. CORTEZ, have read the foregoing

 2   deposition and hereby affix my signature that same is

 3   true and correct, except as noted above.

 4

 5                          _____
                                 GEORGE P. CORTEZ

 6

 7

 8
     THE STATE OF TEXAS      )
 9
     COUNTY OF BEXAR         )
10

11         Before me, _____, on this day

12   personally appeared  George Cortez , known to me

13   (or proved to me under oath or through

14   _____) to be the person whose name is

15   subscribed to the foregoing instrument and

16   acknowledged to me that he executed the same for the

17   purposes and consideration therein expressed.

18         Given under my hand and seal of office

19   this 13th day of December, 2010.

20

21                    _____
                          Diane E. Staner
22                    Notary Public in and for the State of Texas

23         DIANE E. STANER
           Notary Public
24         STATE OF TEXAS
           My Comm. Exp. 03-11-2014
25
```

```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS
                     SAN ANTONIO DIVISION

VIRGINIA BARRERA              )
                              )
        Plaintiff             )
                              ) CIVIL ACTION NO.
v.                            )  5:10-cv-665
                              )
MTC, INC. d/b/a MI TIERRA CAFÉ)
AND BAKERY                    )
        Defendant             )
                              )
```

REPORTER'S CERTIFICATION
DEPOSITION OF GEORGE P. CORTEZ
VOLUME 1
November 5, 2010

I, NATALIE HUNSUCKER, a Certified Court Reporter in and for the State of Texas, hereby certify to the following:

That the witness, GEORGE P. CORTEZ, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the deposition transcript was submitted on November 10, 2010, to the attorney for the DEFENDANT for examination, signature, and return to NATALIE HUNSUCKER by December 9, 2010;

That the amount of time used by each party at the deposition is as follows:

MR. JEREMI K. YOUNG - 3:41;

Deposition of George Pete Cortez                    Virginia Barrera vs. MTC., Inc. d/b/a Mi Tierra Cafe and Bakery

1    That pursuant to information given to the
2    deposition officer at the time said testimony was
3    taken, the following includes all parties of record:
4        MR. JEREMI K. YOUNG, ATTORNEY FOR PLAINTIFF;
5        MR. RAMON D. BISSMEYER, MS. CORA C. MCGOWAN and
6        MR. MARK W. KIEHNE, ATTORNEYS FOR DEFENDANT;
7        I further certify that I am neither counsel
8    for, related to, nor employed by any of the parties in
9    the action in which this proceeding was taken, and
10   further that I am not financially or otherwise
11   interested in the outcome of the action.
12       Further certification requirements will be
13   certified to after they have occurred.
14       Certified to by me this 18 day of
15   November, 2010.

17
18   *Natalie Hunsucker* (signature)
     NATALIE HUNSUCKER, Texas CSR 4279
19   Expiration Date: 12/31/2011
     Hoffman Reporting Service
20   Firm Registration No. 93
     206 East Locust Street
21   San Antonio, Texas 78212
     Phone: 210.736.3555
22   Fax:   210.736.6679

Deposition of George Pete Cortez                Virginia Barrera vs. MTC., Inc. d/b/a Mi Tierra Cafe and Bakery

```
 1                    FURTHER CERTIFICATION
 2          The original deposition of GEORGE P. CORTEZ,
 3    Volume 1, was/was not returned to the deposition
 4    officer; December 9, 2010
 5          If returned, the attached Changes and
 6    Signature page contains any changes and the reasons
 7    therefor;
 8          If returned, the original deposition was
 9    delivered by regular mail / certified mail to
10    MR. JEREMI K. YOUNG, Custodial Attorney;
11          That $ 1167.80 is the deposition officer's
12    charges to the PLAINTIFF for preparing the original
13    deposition transcript and any copies of exhibits;
14          That the deposition transcript was delivered
15    in accordance with the Federal Rules of Civil
16    Procedure.
17          Certified to by me this ___ day of
18    _____, 2010.
19
20
21                        _____
                          NATALIE HUNSUCKER, Texas CSR 4279
22                        Expiration Date:  12/31/2011
                          Hoffman Reporting Service
23                        Firm Registration No. 93
                          206 East Locust Street
24                        San Antonio, Texas 78212
                          Phone:  210.736.3555
25                        Fax:    210.736.6679
```

HOFFMAN REPORTING & VIDEO SERVICE                                              Page: 111