## In the United States District Court
## for the
## Western District of Texas

| | | |
|---|---|---|
| **VIRGINIA BARRERA** | § | |
| | § | |
| v. | § | |
| | § | SA-10-CV-665-XR |
| **MTC, INC.** | § | |

### ORDER

On this day came on to be considered Defendant's motions for partial summary judgment (doc. nos. 52 and 55), Defendant's motion for sanctions (doc. no. 65), the Magistrate Judge's Reports and Recommendations regarding these motions (doc. nos. 71 and 74), and the parties' objections and responses thereto.

### Background

Plaintiff and the opt-in plaintiffs she represents allege that the Defendant, Mi Tierra, violated the Fair Labor and Standards Act (FLSA) by incorrectly relying on the tip-credit/tip-pooling exception to the FLSA's minimum-wage requirement (an exception that allows employers to pay $2.13 instead of $7.25 per hour). 29 U.S.C.A. §§ 203(m, t), 206(a)(1) (2006). Specifically, Plaintiff claims that the Defendant includes "service bartenders" in the tip pool, which service bartenders are as a matter of law ineligible for inclusion in a tip pool, that the pool is therefore invalid, and that the Defendant is thus not exempt from the mandate to pay its employees minimum wage.

On July 29, 2011, this Court entered an order denying Plaintiff's motion for partial summary judgment concluding that a question of fact existed regarding whether Defendant's service bartenders are "customarily and regularly" tipped. Defendant now files its motion for

partial summary judgment arguing that inasmuch as the service bartenders perform their duties in front of the public, their inclusion in the tip pool is proper.

With regard to the motion for sanctions, Mi Tierra complains that two members of the class, Javier Andrade and Roberto Molina have twice failed to appear for their scheduled depositions and request that they be dismissed from this case.

## Magistrate Judge's Reports and Recommendations

In his report dated February 16, 2012, the Magistrate Judge recommended that Andrade and Molina be dismissed as plaintiffs for their failure to appear for their depositions. In addition, the Magistrate Judge recommended that Andrade and Molina pay the reasonable expenses, including attorney's fees, incurred by Defendant in preparing for and attending the depositions, as well as in preparing the motion for sanctions. Plaintiffs filed no response to the motion for sanctions and have not filed any objections to the Magistrate Judge's Report and Recommendation.

With regard to the Defendant's Motion for Partial Summary Judgment (doc. no. 52), the Magistrate Judge recommended that the motion be granted in part and denied in part. With regard to the Motion for Partial Summary Judgment Regarding Meal Deductions (doc. no. 55), the Magistrate Judge recommended that the motion be granted.

## Standard of Review

The Court must review de novo any of the Magistrate Judge's conclusions to which a party has specifically objected. 28 U.S.C. § 636(b) (1). The Court will examine the entire record with regard to that portion, and will make an independent assessment of the law. The Court reviews the rest of the report for clear error only. *Id*.

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

## Analysis

Motion for Sanctions

The Magistrate Judge recommended that Andrade and Molina pay the reasonable expenses, including attorney's fees, incurred by Defendant in preparing for and attending the depositions, as well as in preparing the motion for sanctions. Plaintiffs filed no response to the motion for sanctions and have not filed any objections to the Magistrate Judge's Report and Recommendation. The recommendation is not clearly erroneous and is accepted. Defendant's motion for sanctions is granted (doc. no. 65). Defendant has tendered affidavits explaining that it incurred $3,379 in attorney's fees in preparing for and attending the depositions in question and preparing the motion for sanctions. Defendant also incurred $451.75 in costs. Plaintiffs have not objected to these requested fees and costs. Plaintiffs Andrade and Molina are ordered to pay to Defendant a total of $3,830.75 within fourteen days of this Order.

Motion for Partial Summary Judgment Regarding Meal Deductions (doc. no. 55)

The Magistrate Judge recommends that this unopposed motion be granted. The recommendation is not clearly erroneous and is accepted. Defendant's Motion for Partial Summary Judgment Regarding Meal Deductions (doc. no. 55) is granted.

Motion for Partial Summary Judgment (doc. no. 52)

The Magistrate Judge recommends that this motion be granted in part and denied in part. Specifically, the Magistrate Judge concluded that "plaintiffs have not refuted defendant's summary judgment evidence that compulsory services charges were not improperly distributed to 'cooks and/or kitchen workers', or that its tip pool is valid as to its bakery servers, host staff, and assistant servers/bussers." Plaintiffs have not objected to this recommendation. The recommendation is not clearly erroneous and is accepted. Defendant's Motion for Partial Summary Judgment on this issue is granted.

Given the above, the only remaining issue in this case is whether Defendant's service bartenders can be considered employees who "customarily and regularly receive tips." Both parties vigorously dispute this question. Defendant argues that the service bartenders are stationed at two service bars located in the restaurant dining area and that the decorated bars add ambience. Plaintiffs argue that the bars are not visible to many patrons as they are located in only two of the five separate dining areas, patrons who dine are tipping in recognition of service provided by servers not service bartenders, and patrons who do not order alcoholic beverages do not receive any services from the service bartenders.

Plaintiffs claim that Mi Tierra's service bartenders are incorrectly included in the tip pool because they are not "customarily and regularly" tipped as a matter of law. Under the FLSA, an employer must pay their employees minimum wage, unless the employees are "engaged in an occupation in which [they] customarily and regularly receive more than $30 dollars a month in tips." § 203 (m, t). However, the employees must be allowed to keep all of their tips, either individually or through a tip pool. § 203 (m). Moreover, a tip pool can only contain "employees who customarily and regularly receive tips." § 203(m). "The phrase 'customarily and regularly'

signifies a frequency which must be greater than occasional, but which may be less than constant." 29 C.F.R. § 531.57 (2011).

The Magistrate Judge recommends denying Defendant's motion for summary judgment on this issue because questions of fact exist. The Court agrees with the recommendation. As stated in the Court's previous order denying Plaintiff's motion for summary judgment, a determination of an employee's eligibility to participate in a tip pool requires an analysis of an employee's duties. There is a factual dispute regarding duties. There is a factual dispute regarding the actual visibility of the service bartenders by patrons, and there is a factual issue regarding whether service bartenders perform a customer service for which patrons would tip in recognition. Defendant's motion for partial summary judgment on this issue is denied. *See Roussell v. Brinker Int'l, Inc.*, 18 WH Cases 2d 304, 2011 WL 4067171 (5th Cir. 2011) ("We conclude that the district court reasonably found direct customer interaction 'highly relevant' to tip-eligibility. It neither made direct interaction a prerequisite-as claimed by amici-nor did it reject Brinker's suggestion that the performance of 'important customer service functions' also is relevant to tip-eligibility.").

## Conclusion

Defendant's motion for sanctions is granted (doc. no. 65). Plaintiffs Andrade and Molina are ordered to pay to Defendant a total of $3,830.75 within fourteen days of this Order. Defendant's Motion for Partial Summary Judgment Regarding Meal Deductions (doc. no. 55) is granted. The Motion for Partial Summary Judgment (doc. no. 52) is granted in part and denied in part as stated above.

SIGNED this 10th day of April, 2012.

                                              XAVIER RODRIGUEZ
                                              UNITED STATES DISTRICT JUDGE